NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY PETERSON,<br><br>                Plaintiff,<br><br>v.<br><br>CITY OF JERSEY CITY, et al.,<br><br>                Defendants. | Civil Action No.: 21-1165<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

Before the Court is the motion for summary judgment (ECF No. 69) ("Mot.") filed by defendants City of Jersey City, Jeison Martinez ("Martinez"), and Mohamed Saheed ("Saheed") (collectively, "Defendants"). Plaintiff Anthony Peterson ("Plaintiff") opposed the motion (ECF No. 73) ("Opp.") and Defendants replied in support (ECF No. 77) ("Reply"). The Court decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, the motion is **GRANTED** in part and **DENIED** in part.[1]

**I.    BACKGROUND**

    **A.  Factual History**

This case arises out of two collisions between Plaintiff and a police vehicle driven by Jersey City Police officer Saheed. On June 8, 2019, Plaintiff was walking on Bayview Avenue, Jersey City. ECF No. 69-2 ("Defendants' Statement of Undisputed Material Facts," or "DSUMF") ¶ 12; ECF No. 73-12 ("Plaintiff's Counterstatement of Undisputed Material Facts," or "PCSUMF") ¶ 8. Also on Bayview Avenue were Saheed and Martinez, another officer with the Jersey City Police Department. The officers were patrolling the area in an unmarked police vehicle. DSUMF ¶¶ 5-

---

[1] The Court addresses the motion only insofar as it relates to the claims against Martinez and Saheed. The Court defers consideration of the claims against City of Jersey City at this time.

11; ECF No. 73-11 ("Plaintiff's Responsive Statement of Undisputed Material Facts," or "PRSUMF") ¶¶ 5-11. Believing Plaintiff matched the description that had earlier been transmitted over the radio of an armed individual, Saheed stopped the vehicle and Martinez exited to conduct an investigative stop. DSUMF ¶¶ 13-14, 16-17; PRSUMF ¶¶ 13-14; 16-17. The parties' stories then diverge as to whether Plaintiff fled upon realizing he was being stopped by police, or whether Plaintiff fled from Martinez until the latter identified himself as a police officer. DSUMF ¶¶ 17-18, 20; PCSUMF ¶¶ 13-15. Both parties agree, however, that Martinez subsequently tackled Plaintiff to the ground in the middle of the street and began to place handcuffs on him. DSUMF ¶¶ 27-28; PCSUMF ¶¶ 19-20.

At this point, Saheed placed the police vehicle in reverse, striking both Plaintiff and Martinez. DSUMF ¶¶ 32-33; PCSUMF ¶¶ 22, 26. According to Saheed, he had lost sight of both individuals and placed the vehicle in reverse hoping to find them. DSUMF ¶ 32. Saheed testified that upon striking Plaintiff and Martinez, he instantly became aware he had hit something, but did not know what. DSUMF ¶¶ 40; PCSUMF ¶ 23. Saheed then ceased moving in reverse and pulled the car forward, striking Plaintiff a second time. DSUMF ¶¶ 40-43; PCSUMF ¶ 26. Defendants describe both collisions as accidental, while Plaintiff describes one or both as intentional, or in the alternative, negligent or severely reckless. DSUMF ¶ 33; PCSUMF ¶¶ 26, 34. Following these collisions, Martinez and Plaintiff were placed in an ambulance and treated for their injuries. DSUMF ¶¶ 61, 63; PRSUMF ¶¶ 61, 63. Plaintiff testified that he suffered a broken pelvis, back, and ribs. PCSUMF ¶ 1; DRSUM ¶ 1. The parties dispute whether Plaintiff also experienced a two-week coma. PCSUMF ¶ 1; DRSUMF ¶ 1.

**B. Procedural Background**

Plaintiff filed an initial complaint on January 26, 2021, ECF No. 1, and an amended complaint on March 10, 2021, ECF No. 8 ("AC"). The amended complaint asserts claims for: (1) excessive force under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act ("NJCRA"), N.J.S.A. § 10:6-2 et seq.; (2) municipal liability under *Monell* and the NJCRA; (3) intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress ("NIED"); (4) assault and battery; (5) negligence; and (6) respondeat superior. *Id.* ¶¶ 27-110. Defendants filed their motion for summary judgment on all claims pursuant to Federal Rule of Civil Procedure 56 on September 27, 2024. ECF 69.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate if the "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials," demonstrate that there is no genuine issue as to any material fact, and, construing all facts and inferences in a light most favorable to the non-moving party, "the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986).

The moving party has the initial burden of proving the absence of any genuine issue of material fact. *See Celotex*, 477 U.S. at 323. Once the moving party meets this burden, the non-moving party has the burden of identifying specific facts to show that, to the contrary, a genuine issue of material fact exists for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986). In order to meet its burden, the non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (citation omitted); *see also Big Apple BMW, Inc. v. BMW of N. Am., Inc.*,

3

974 F.2d 1358, 1363 (3d Cir. 1992) ("To raise a genuine issue of material fact," the opponent must "exceed[ ] the 'mere scintilla' threshold . . . ."). An issue is "genuine" if it is supported by evidence, such that a reasonable jury could return a verdict in the non-moving party's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. *See id.* "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

### III. DISCUSSION

#### A. Excessive Force

An excessive force claim under Section 1983 against law enforcement is "based on the Fourth Amendment's protection from unreasonable seizures of the person." *Wachendorf v. DeWire*, No. 4-5804, 2006 WL 2385085, at *4 (D.N.J. Aug. 17, 2006). "To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable." *Kopec v. Tate*, 361 F.3d 772, 776 (3d Cir. 2004). "[R]easonableness is evaluated under a totality of the circumstances analysis, which asks whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivations." *Bornstad v. Honey Brook Tp.*, 211 Fed. Appx. 118, 123 (3d Cir. 2007) (internal quotation omitted). In making this determination, courts should consider "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* They may also consider "the possibility that the persons

subject to the police action are themselves violent or dangerous, the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time." *Id.*; *El v. City of Pittsburgh*, 975 F.3d 327, 336 (3d Cir. 2020). Excessive force claims under the NJCRA are "evaluated in the same fashion." *Miller v. Waterford Tp.*, No. 11-3405, 2014 WL 345296, at 15 (D.N.J. Jan. 30, 2014); *Meronvil v. Doe*, No. 17-8055, 2023 WL 4864383, at *6 (D.N.J. July 31, 2023).

Defendants move for summary judgment on the excessive force claims under the Fourth Amendment and the NJCRA against Martinez and Saheed. Because excessive force claims under the Fourth Amendment and the NJCRA are interpreted analogously, they will be discussed together. The claims against each defendant will be analyzed in turn.

i. Martinez

Defendants argue they are entitled to summary judgment on the excessive force claim against Martinez because Plaintiff "does not allege that Martinez assaulted, battered or subjected him to excessive force." Mot. at 10. Instead, Defendants assert that Plaintiff's excessive force claim "arises from being accidentally struck by the vehicle, which was not operated by Martinez." *Id.* Plaintiff counters that Martinez applied excessive force when he "tackled Plaintiff to the ground and jumped on his back." Opp. at 13.

Defendants are entitled to summary judgment on the excessive force claim against Martinez because Plaintiff has failed to make out a prime facie claim. As Defendants correctly note, and as further discussed below, Plaintiff's excessive force claim is premised on the allegation that "Defendant(s) intentionally ran Plaintiff over with a police vehicle." AC ¶ 29. The parties agree, however, that Martinez did not "r[u]n Plaintiff over with a police vehicle" but rather was

5

himself struck by the vehicle driven by Saheed. *See, e.g.*, DSUMF ¶ 34; PRSUMF ¶ 35. Because it is undisputed that Martinez did not apply the complained-of force, Defendants are entitled to summary judgment on the claim against him.

Plaintiff nonetheless argues that he has established a prima facie claim of excessive force against Martinez by putting forth evidence that Martinez tackled him, but Plaintiff does not appear to have asserted a claim against Martinez for his conduct in effectuating Plaintiff's arrest. As noted, the amended complaint asserts an excessive force claim on the basis that "Defendant(s) intentionally ran Plaintiff over with a police vehicle." AC ¶ 29. The complaint does not appear, however, to set forth a claim for excessive force against either defendant for tackling plaintiff to the ground—nor does it mention that such contact occurred. *See* AC ¶ 12 (stating only that "Martinez exited the unmarked police vehicle and handcuffed Plaintiff in the middle of Bayview Avenue"). And Plaintiff cannot now amend his complaint through his brief opposing summary judgment to set forth an additional claim of excessive force against Martinez based on his actions when arresting Plaintiff. *See Bell v. City of Philadelphia*, 275 Fed. Appx. 157, 160 (3d Cir. 2008) ("A plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment." (internal quotation omitted)); *Gupta v. Perez*, 101 F. Supp. 3d 437, 461 n. 33 (D.N.J. 2015).

    ii. <u>Saheed</u>

Defendants argue they are entitled to summary judgment on the excessive force claim against Saheed because the collisions at issue were "unintended accident[s]" and therefore "Plaintiff cannot establish that Saheed's actions were not objectively reasonable." Mot. at 11. Plaintiff counters that "[t]he record offers contradictory evidence" as to whether the collisions were accidental, thus precluding summary judgment. Opp. at 15.

6

Defendants are not entitled to summary judgment on the excessive force claim against Saheed because material facts regarding that claim remain in dispute. As Defendants acknowledge, Plaintiff has provided testimony indicating that Saheed "intentionally ran over Plaintiff." Mot. at 11, 12; *see, e.g.*, ECF No. 69-3 at 161 (Plaintiff testifying that Saheed "gets back in the car . . . and run back over me"), 167 (Plaintiff testifying that Saheed "looked backed back, gets back in the car" and "throw the car in reverse"), 168 (Plaintiff testifying that witnesses were "yelling get him from under the car" when Saheed "run back to the car and started throwing it in drive and run back over me"). Plaintiff has also provided an expert report and surveillance images in support of this theory. *See* PRSUMF ¶¶ 34-35. To be sure, Defendants have provided their own evidence to the contrary, including an expert report and surveillance video. *See, e.g.*, ECF No. 77-2 at 16 (Defendants' expert opining that Saheed "would not be able to see" Plaintiff "as he was backing up").[2] But viewed in the light most favorable to the non-moving party—Plaintiff—a jury could nonetheless find from this evidence that Saheed intentionally struck Plaintiff, and that such an act constitutes excessive force. *See Paige v. City of New Brunswick*, No. 13-2298, 2015 WL 3452480, at *5 (D.N.J. May 29, 2015) (denying summary judgment on excessive force claim because "[v]iewing the facts in the light most favorable to Plaintiff, a reasonable jury could conclude that the collision was not accidental and that Officers Williams and Rodriguez intentionally struck Paige with the patrol unit").

Defendants appear to argue that no disputed material facts exist regarding whether either collision was accidental because Plaintiff has only put forth "self-serving, unsupported testimony." Mot. at 11. This claim ignores the expert report and surveillance images provided by Plaintiff in

---

[2] Both parties submitted letters following briefing concerning a dispute regarding the expert report relied upon by Defendants in their reply brief and the associated counterstatement of material facts. *See* ECF Nos. 78-79. Having considered that report, the Court finds that it does not change the outcome here.

7

further support of his theory. *See* PRSUMF ¶¶ 34-35. Moreover, the Court may not make credibility determinations as to whether Plaintiff's testimony is "self-serving" at the summary judgment stage. *See Rich v. State*, 294 F. Supp. 3d 266, 273 (D.N.J. 2018) ("In considering a motion for summary judgment, a district court may not make credibility determinations."); *Boyle v. Cnty. of Allegheny Pennsylvania*, 139 F.3d 386, 393 (3d Cir. 1998). Rather, the evidence provided by Plaintiff "is to be believed and all justifiable inferences are to be drawn in his favor." *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255). Because the Court may not discount Plaintiff's evidence regarding whether the collisions were intentional, a genuine dispute exists, and summary judgment is foreclosed.

Defendants appear to argue, in the alternative, that they are entitled to summary judgment on the excessive force claim against Saheed because it is undisputed that no "seizure" occurred since Saheed "did not attempt to physically restrain the Plaintiff." Mot. at 11. However, a collision constitutes a "seizure" for purposes of an excessive force claim where the officer intended to strike the plaintiff with their vehicle. *See Myrick v. Collingdale Borough*, No. 11-2791, 2012 WL 4849129, at *5 (E.D. Pa. Oct. 12, 2012) (noting that if an officer "stopped the suspect by accidentally striking them, that would not constitute [a seizure]," but if "the officer came up beside the suspect and intentionally 'sideswiped [their vehicle],' the termination of the suspects movement would have been a Fourth Amendment seizure"); *U.S. v. Sinkler*, 91 Fed. Appx. 226, 230-231 (3d Cir. 2004). Because a dispute exists as to whether the collisions were intentional, a dispute therefore exists as to whether Saheed effectuated a "seizure." Accordingly, summary judgment on this ground is not appropriate.

**B. Assault and Battery**

Defendants assert they are entitled to summary judgment on the assault and battery claims against Martinez and Saheed for the same reasons as presented in their arguments regarding the excessive force claim. Under New Jersey law, "the analysis for assault and battery tracks the analysis for excessive force." *Sanders v. Jersey City*, No. 18-1057, 2021 WL 1589464, at *22 (Apr. 23, 2021); *Wierzbicki v. City of Jersey City*, No. 19-17721, 2021 WL 4148105, at *9 (D.N.J. Sept. 10, 2021). The Court accordingly grants summary judgment on the assault and battery claims as to Martinez and denies summary judgment on the assault and battery claims as to Saheed for the reasons discussed above. *See Sanders*, 2021 WL 1589464, at *22 ("There are genuine disputes of fact as to whether the officers used excessive force . . . so I cannot grant summary judgment on the assault and battery claims."); *Ewing v. Cumberland Cnty.*, 152 F. Supp. 3d 269, 300 (D.N.J. 2015) (finding summary judgment on assault and battery claim "not warranted" because "there is a dispute . . . whether [defendant's] use of force was excessive").

### C. Negligence, NIED, and IIED

Defendants argue they are entitled to summary judgment on the negligence, NIED, and IIED claims against both Saheed and Martinez because both officers are immune from liability under New Jersey's Tort Claims Act ("TCA"), N.J.S.A. 59: 3-3. Mot. 15. Plaintiff argues that the TCA's grant of immunity does not apply. Opp. at 20.

Under the TCA, "a public employee is not liable if he acts in good faith in the execution or enforcement of any law." *Lankford v. City of Clifton Police Dep't*, 546 F. Supp. 3d 296, 320 (D.N.J. 2021) (citing N.J.S.A. § 59: 3-3); *Est. of Del Rosario v. Paterson Police Dep't*, No. 14-5167, 2020 WL 373354, at *7 (D.N.J. Jan. 23, 2020). For purposes of the statute, "good faith" can be shown by demonstrating "objective reasonableness" or "subjective good faith." *Lankford*, 546 F. Supp. 3d at 320; *Est. of Del Rosario*, 2020 WL 373354, at *7. "This immunity applies to a police

9

officer's operation of a motor vehicle within the scope of the officer's duties and in response to emergent circumstances." *Melendez v. Rotondo*, No. 1100-22, 2024 WL 959882, at *2 (N.J. App. Div. Mar. 6, 2024).

As an initial matter, Defendants are entitled to summary judgment as to the negligence, NIED, and IIED claims against Martinez for the reasons discussed above regarding Plaintiff's excessive force and assault and battery claims. Namely, Plaintiff's negligence, NIED and IIED claims are premised on the allegation that "Defendants" struck Plaintiff with a vehicle. *See* AC ¶¶ 93 (alleging NIED and IIED claims based on "Defendants['] . . . outrageous conduct striking [Plaintiff] with a vehicle twice"), 101 (alleging negligence based on "Defendants . . . negligently hitting Plaintiff with an automobile"). It is undisputed that Martinez did not strike Plaintiff with a vehicle but rather was struck by the vehicle himself. *See, e.g.*, DSUMF ¶ 34; PRSUMF ¶ 35. Accordingly, Plaintiff has not established a prima facie claim of negligence, NIED, or IIED against Martinez and summary judgment is appropriate.

Defendants are not entitled to summary judgment as to the IIED claim against Saheed because the TCA does not immunize officers against claims of IIED or other intentional misconduct. *Lankford*, 546 F. Supp. 3d at 321 (noting TCA good faith immunity "does not apply to claims of . . . intentional infliction of emotional distress"); *Monroe v. City of Hoboken*, No. 11-2556, 2012 WL 1191177, at *14 (D.N.J. Apr. 10, 2012) (noting the TCA "does not provide immunity from claims of intentional infliction of emotional distress").

Defendants are also not entitled to summary judgment as to the negligence or NIED claims against Saheed because they have not established that Saheed acted with objective reasonableness or subjective good faith. Defendants argue that Saheed acted in good faith and in an objectively reasonable manner in attempting to apprehend Plaintiff because "the collision was an unintended

10

accident." Mot. at 19. As previously discussed, however, a genuine dispute exists between the parties as to whether the collisions were accidental. Accordingly, the Court cannot grant summary judgment on that ground. *See Paige*, 2015 WL 3452480, at *6 (D.N.J. May 29, 2015) (declining to grant summary judgment on grounds of TCA immunity where dispute of material fact existed "regarding whether the actions of Officer Defendants [in striking plaintiff with their vehicle] were intentional or accidental").

### D. Qualified Immunity

Defendants appear to argue that summary judgment is appropriate as to all claims against Martinez and Saheed because both officers are entitled to qualified immunity. Plaintiff argues summary judgment cannot be granted on that ground due to the existence of disputed material facts regarding the subject collisions. The Court addresses this argument only as to Saheed, because all substantive claims against Martinez have been dismissed for the above reasons.

Qualified immunity insulates government officials from damages suits arising from certain actions undertaken as part of their official duties. *See Bradshaw v. Twp. of Middletown*, 296 F. Supp. 2d 526, 549 (D.N.J. Dec. 4, 2003). To determine whether qualified immunity applies, a court must consider whether the plaintiff has alleged a violation of a constitutional right and whether that right "was clearly established at the time of the alleged misconduct." *See Lankford*, 546 F. Supp. 3d at 309; *Bradshaw*, 296 F. Supp. 2d at 549. This analysis ensures an officer will not be subject to suit for making "a reasonable mistake about the legal constraints on his actions." *McKoy v. Carter*, No. 9-4170, 2012 WL 12898019, at *4 (D.N.J. June 26, 2012) (quoting *Curley v. Klem*, 499 F.3d 199, 206-07 (3d Cir. 2007)).

Defendants are not entitled to summary judgment as to Saheed on the basis of qualified immunity because genuine disputes of material fact regarding the subject collisions preclude the

11

application of immunity. Defendants argue that Plaintiff has not established a prima facie violation of a clearly established right by Saheed because Plaintiff was "accident[ally] hit by the vehicle" and "there is no evidence showing that Saheed intended to collide into Plaintiff." Mot. at 34. As previously noted, however, genuine disputes of fact exist regarding Saheed's intent, as Plaintiff has put forth testimony and other evidence in support his theory. *See, e.g.*, PRSUMF ¶¶ 34-35. And Defendants do not appear to argue that the collisions, if intentional, would be subject to qualified immunity. Accordingly, the Court cannot apply qualified immunity to insulate Saheed from suit. *See Paige*, 2015 WL 3452480, at *5 (declining to apply qualified immunity to suit alleging officer struck plaintiff with vehicle because "a reasonable jury could conclude that the collision was not accidental" and "[i]f [plaintiff] succeeds in demonstrating the collision was deliberate, qualified immunity would not shield the officers from liability").

### E. Punitive Damages

Finally, Defendants seek summary judgment as to Plaintiff's request for punitive damages against Martinez and Saheed. Punitive damages may be sought under Section 1983 where a defendant exhibits "a malicious intention to deprive [a plaintiff] of their rights or to do them injury." *Lankford*, 546 F. Supp. 3d 296, 327. Punitive damages may be sought under New Jersey law against public officials where the official "engaged in willful misconduct." *Paige*, 2015 WL 3452480, at *7. Defendants dispute that either standard is met, but do not provide detailed analysis. Mot. at 36-37.

As to Martinez, the claims against him have been dismissed for the above reasons. Accordingly, summary judgment on the punitive damage request against him is appropriate. *See Vineland 820 N. Main Road, LLC v. U.S. Liability Ins. Co.*, No. 17-2986, 2018 WL 4693965, at *8 (D.N.J. Sept. 29, 2018) ("[P]unitive damages cannot stand without an underlying claim."). As

12

to Saheed, however, Plaintiff has put forth evidence that his collisions were intentional which is sufficient to meet both standards. *See id.* (declining to provide for summary judgment on federal or state punitive damages where "there is a genuine dispute of material fact as to whether the collision between [defendant officer's] patrol unit and [plaintiff] was accidental"). Summary judgment is thus not appropriate as to Saheed.

### IV.     CONCLUSION

For the reasons stated above, Defendants' motion for summary judgment is granted in part and denied in part.

**Accordingly, IT IS** on this 31st day of July 2025,

**ORDERED** that Defendants' motion for summary judgment (ECF No. 69) is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that summary judgment is granted for Defendants as to Plaintiff's excessive force, assault and battery, negligence, NIED, IIED, and punitive damages claims against Martinez; and it is further

**ORDERED** that Defendant's motion for summary judgment is denied as to Plaintiff's excessive force, assault and battery, negligence, NIED, IIED, and punitive damage claims against Saheed.

**SO ORDERED.**

*/s/ Claire C. Cecchi*
_____
**CLAIRE C. CECCHI, U.S.D.J.**